IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANIEL JOSEPH HAWVER**, | Case No. 3:12-cv-02211-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On March 27, 2014, the Court reversed the Commissioner's determination that Plaintiff was not disabled and was not entitled to supplemental security income, and remanded the matter back to the agency for further proceedings. Dkt. 17. Before the Court is Plaintiff's amended application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 21.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting

PAGE 1 – ORDER

to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $5,500. Defendant does not challenge the applicability of the EAJA statute and does not object to Plaintiff's request for attorney's fees. Dkt. 21. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Therefore, Plaintiff's application for attorney's fees (Dkt. 21), is GRANTED. Plaintiff is awarded $5,500 for attorney's fees and expenses under 28 U.S.C. § 2412. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the court an assignment of EAJA fees to her counsel, Defendant shall cause the payment of fees, after any applicable offsets, to be made directly to Plaintiff's counsel.

**IT IS SO ORDERED.**

DATED this 25th day of June, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 2 – ORDER